UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSIAN MARRERO-VALENTÍN | CIVIL NO. 21-1330 |
| PLAINTIFF | DISCRIMINATION BASED ON DISABILITY AND SEXUAL ORIENTATION; |
| v. | INTERFERENCE WITH FMLA RIGHTS; RETALIATION; |
| PUERTO RICO CVS PHARMACY LLC; CVS PR HOLDING COMPANY LLC; LUIS CRUZ; JOHN DOE; JANE ROE, INSURANCE COMPANIES A, B, AND C | WRONGFUL DISCHARGE; DAMAGES AND INJURIES; AND CONSTITUTIONAL RIGHTS' VIOLATION |
| DEFENDANTS | FEDERAL QUESTION JURISDICTION |
| | PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW plaintiff, Josian Marrero-Valentín, through the undersigned attorneys, and very respectfully STATES, ALLEGES and PRAYS as follows:

### I.       JURISDICTION AND VENUE

**1.** This is a civil action for discrimination on the basis of sexual orientation and disability, as well as for retaliation, constructive discharge, interference with his exercise of rights, constitutional rights' violation, and damages brought pursuant to the following statutes: Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the American with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et*

*seq*.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654; Puerto Rico Law No. 44 of July 2 ("Law 44"), 1985, P.R. Laws Ann. tit. 1, §§ 501 *et seq*.; Puerto Rico Law No. 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, §§ 185a *et seq*.; Puerto Rico Law No. 100 of June 30 ("Law 100"), 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq*.; Puerto Rico Law No. 115 of December 20, 1991 ("Law 115"), P.R. Laws Ann. tit. 29, § 194a *et seq*.; Articles 1536 and 1540 of the Puerto Rico Civil Code,[1] P.R. Laws Ann. tit. 31, §§ 10801 and 10805; and Sections 1, 8 and 16 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico. Plaintiff seeks equitable and injunctive relief, compensatory, economic, physical, and emotional damages, back pay, double and punitive damages, prejudgment interests, costs, and reasonable attorneys' fees.

2. Jurisdiction over this matter arises under 28 U.S.C. § 1331 with federal questions involving Title VII, the ADA and FMLA.

3. The Court's supplemental jurisdiction is also invoked by the Plaintiff pursuant to 28 U.S.C. § 1367 to hear the local law claims because these are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Supplemental Jurisdiction is specifically invoked for this Court to hear and decide pendent claims arising under Puerto Rico Laws 44, 80, 100 and 115, under Article

---

[1]  Formerly Articles 1802 and 1803 of the Puerto Rico  Civil Code,  §§ 5141 and 5142.

1536 and 1540 of the Puerto Rico Civil Code, under the Puerto Rico Constitution, and under any other applicable laws of the Commonwealth of Puerto Rico.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), since this is the judicial district where the events, conduct and/or omissions giving rise to the instant Complaint occurred.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On July 22, 2020, Plaintiff filed two (2) administrative charges of discrimination and retaliation against the Defendants with the Anti-Discrimination Unit of the Puerto Rico Department of Labor and Human Resources, Charges No.: uadau20-089c and uadau20-090c. These charges were cross-filed with the Equal Employment Opportunity Commission ("EEOC"), Charges Nos.: 16H-2020-00199C and 16H-2020-00200C. On April 28, 2021, Plaintiff received a Notice of Right to Sue from the EEOC, which was dated April 20, 2021, herein attached as **Exhibit I**. Therefore, the instant Complaint has been commenced within 90 days of receipt by the Plaintiff of the EEOC's Notice of Right to Sue.

## III.  THE PARTIES

7. Plaintiff is a male who is 30 years old and resident of Guaynabo, Puerto Rico.

8. Defendant Puerto Rico CVS Pharmacy, LLC ("Puerto Rico CVS Pharmacy") is a limited liability company created under the laws of the Commonwealth of Puerto Rico.

9. Puerto Rico CVS Pharmacy is an "employer" within the meaning of the statutes invoked herein.

10. The Plaintiff provided services and/or worked for Puerto Rico CVS Pharmacy.

11. Puerto Rico CVS Pharmacy is liable and responsible for the damages and personal injuries caused to the Plaintiff as a result of the statutory violations and negligent acts and omissions claimed in the instant Complaint.

12. CVS PR Holding Company, LLC ("CVS PR Holding") is a limited liability company created under the laws of the Commonwealth of Puerto Rico.

13. CVS PR Holding is an "employer" within the meaning of the statutes invoked herein.

14. The Plaintiff provided services and/or worked for Puerto Rico CVS PR Holding.

15. CVS PR Holding is liable and responsible for the damages and personal injuries caused to the Plaintiff as a result of the statutory violations and negligent acts and omissions claimed in the instant Complaint.

16. Defendant Luis Cruz is a natural person and at all times relevant to this Complaint was an employee of Puerto Rico CVS Pharmacy and CVS PR Holding occupying the employment position of Store Manager and was Plaintiff's direct supervisor.

17. Luis Cruz engaged in discrimination on the basis of sexual orientation and disability, and retaliation against the Plaintiff. He is jointly liable and responsible in his official and personal capacity for the damages and personal injuries caused to the Plaintiff as a result of the statutory violations and illegal acts and omissions claimed in this Complaint for which there is personal and/or individual liability. When the illegal acts were committed, Luis Cruz was an "employer" within the meaning of the statutes invoked herein for which there is personal and/or individual liability.

18. Defendants John Doe and Jane Roe are natural persons or legal entities that at all relevant times relevant to this action may have been jointly liable and responsible to the Plaintiff for all of the acts and/or omissions alleged in this Complaint. At this time, the correct identity of such persons is unknown, and thus, they will be properly identified after such information is obtained through discovery proceedings in this case.

19. Defendants A, B, and C are insurance companies that have issued insurance policies to cover the liability for the actions and/or omissions of the Defendants that are alleged in this Complaint. At this time, the correct identity of such companies is unknown and, thus, they will be properly identified after such information is obtained through discovery proceedings of this case.

20. All of the Defendants mentioned herein will be jointly and collectively referred in this Complaint as the "Defendants," "CVS" and/or "the Company."

IV. **FACTS**

21. On May 7, 2012, Plaintiff began to work for CVS Pharmacy LLC and CVS PR Holding Company LLC (hereinafter referred collectively as "CVS" or "the Company"). Both of those entities have an integrated operation with respect to human resources and personnel matters, share common ownership and management, and were Plaintiff's employers.

22. The Plaintiff is homosexual, gay, or sexually attracted to people of his own sex or gender.

23. While working at CVS, Plaintiff was a victim of unlawful discrimination on the basis of his sexual orientation, and also because of his psychiatric condition (which was caused by CVS), retaliation, hostile work environment, constructive discharge, and attacks against his self-esteem and dignity as a human being.

24. During his tenure at CVS, Plaintiff occupied the following employment positions: Clerk/Cashier, Photo Lab Technician, Shift Supervisor and Operations Manager.

25. At the time of his discriminatory, retaliatory and constructive discharge, Plaintiff occupied the position of Operations Manager.

26. During Plaintiff's employment with CVS, his work performance met and exceeded the employer's requirements and the duties indicated in his job description.

27. However, after having dedicated six (6) years to CVS, Plaintiff was a victim of discrimination on the basis of sexual orientation and his health condition, and consequently suffered adverse employment actions prompted by such disparate treatment.

28. Plaintiff was also subjected to retaliation for having opposed CVS's unlawful employment practices.

29. CVS further interfered with Plaintiff's rights by subjecting him to workplace harassment whenever he requested and took time off for medical or health-related matters.

30. Specifically, after Luis Cruz ("Mr. Cruz") was assigned to Plaintiff's work location as Store Manager, Mr. Cruz started a continuous pattern of discrimination against

the Plaintiff on the basis of his sexual orientation and later based on his disability and/or leaves of absence required.

31. Among others, Mr. Cruz:

    a.  excluded Plaintiff from staff meetings;

    b.  humiliated, embarrassed, dishonored, demeaned and sidelined him;

    c.  refused to speak to him in person and would mostly speak to him via WhatsApp, text messages or via third parties;

    d.  ordered employees under Plaintiff's supervision to give him his instructions;

    e.  would undermine Plaintiff's authority and diminish his supervisory capacity before other employees; would tell other employees that Plaintiff's absences were for pleasure rather than medically-related;

    f.  would intentionally and unreasonably delay Plaintiff's reinstatement on the job after the conclusion of a medical leave of absence in retaliation for being absent some days and to discriminate against him, humiliate him in the eyes of his subordinates, and to adversely affect his income and salary;

    g.  would make false statements and tell other employees that Plaintiff was not reinstated because he was on vacation;

    h.  would not comply with the Company's procedure for evaluating employees;

    i.  would give Plaintiff negative evaluations without just cause;

j.   would not discuss Plaintiff's performance evaluations with him;

k.   unjustly evaluated Plaintiff's performance in a discriminatory and retaliatory manner and without having valid reasons for a negative appraisal, making up and inventing the facts, especially after Plaintiff had presented complaints about Mr. Cruz;

l.   would tell other employees that he was seeking to replace Plaintiff with somebody else;

m.   excluded Plaintiff from the store's group chat in WhatsApp humiliating him among his co-workers and subordinates and preventing him from being notified of work matters and sidelining him to further degrade him;

n.   when Plaintiff was initially added to the group chat, he unfairly accused Plaintiff of putting the employment of all of the employees at risk, defaming him;

o.   would unreasonably refuse to grant Plaintiff's requests for reasonable accommodation;

p.   would not comply with Plaintiff's approved reasonable accommodation;

q.   would not take seriously Plaintiff's input regarding several matters pertaining to the job and the store;

r.   would not consult with Plaintiff and would not inform Plaintiff when making decisions regarding the store;

s.   would call Plaintiff during his leave of absence just as part of his continued pattern of harassment and discrimination;

8

t.  would not follow the Company's procedures for approving days off during weekends; unreasonably denied Plaintiff his requests for days off;

u.  improperly disclosed Plaintiff's medical and health information to others violating the required confidentiality and affecting his privacy;

v.  would unreasonably and unnecessarily cancel Plaintiff's vacations shortly before they were supposed to start;

w.  used different standards for approving Plaintiff's vacations when compared to those used for other employees;

x.  would tell Plaintiff that his vacations were approved, but would inform otherwise to the Company's Human Resources Department;

y.  would demand that Plaintiff request an unpaid leave of absence rather than allowing him to use his paid vacation leave;

z.  gave Plaintiff unwarranted disciplinary memorandums with the intention of affecting his work record and preparing the road for Plaintiff's discriminatory employment termination;

aa. unreasonably reduced Plaintiff's working hours and, thus, his compensation;

bb. would assign the Plaintiff to close the store one day and to open it the next day in violation of his employment contract that guaranteed a 12-hour break between working shifts; and

cc. would intentionally leave inactive Plaintiff's employee account for registering his working hours so that he could not work and earn a salary.

32. Moreover, the Company subjected the approval of Plaintiff's request for reasonable accommodation to accepting a job demotion and working only part-time.

33. Additionally, Mr. Juan Montero, Supervisor, specifically told Plaintiff that he did not speak to him because he is "gay and crazy."

34. The Company further interfered with Plaintiff's rights under the FMLA by subjecting him to harassment whenever he requested and took time off to attend the serious health condition created by, precisely, CVS and Mr. Cruz.

35. Ultimately, shortly after having complained to CVS of a disparate treatment and retaliation, Plaintiff was forced to resign from his employment because the discriminatory treatment and retaliation against him became so intolerable and overwhelming that his health was being affected to the point that he had to seek medical treatment on several occasions.

36. Plaintiff was further humiliated embarrassed, and dishonored by CVS, and he became a victim of attacks to his dignity as a professional and human being, and his self-esteem has been seriously injured by the illegal actions of the Company and Mr. Cruz.

37. After trying numerous times to stop the harassment and discrimination, and to seek a resolution from the Human Resources Department, from CVS Ethics Line, and from his supervisors, Mr. Juan Pons (District Manager), Ms. Edith Pagán (District Manager whose niece was at all relevant times Mr. Cruz's fiancé), and Mr. Paolo Morales (Retail/Financial Services Manager), Plaintiff did not obtain any remedy for the discriminatory treatment he was subjected to, but on the contrary, Plaintiff

10

was further humiliated, embarrassed, dishonored, demeaned and sidelined. Therefore, with great sadness and after seven (7) years of outstanding service, Plaintiff was forced to resign from his employment since he had no other reasonable alternative under the circumstances.

38. Plaintiff was forced to resign from his employment because the discriminatory treatment and retaliation against him became so intolerable and overwhelming that his health was, and still is, being affected.

39. The Plaintiff was also forced to resign because the hostile work environment that he was submitted to attempted against his dignity.  In addition, the working conditions became intolerable.  Moreover, his resignation was prompted because his health had been affected by this whole situation (including Defendants' illegal conduct) and his strong sense of responsibility and self-esteem had been also impacted to the point that he could not sleep properly on many nights, he had severe headaches, and felt depressed, anxious, sad, and disappointed, among others.

40. As a direct and proximate result of Defendants' practices and conduct, the Plaintiff has suffered, among others, degradation both professionally and personally, demotion, humiliation, diminished self-esteem, mental anguish, emotional distress, discouragement, loss of appetite, physical damages, loss of the capacity to enjoy life and loss of financial earnings.

41. Moreover, the Plaintiff suffers from anxiety, stress, depression, and cannot sleep well after the discriminatory treatment, hostile work environment, and retaliation that he was subjected to.  Furthermore, Defendants' attacks against Plaintiff's

dignity as a human being, among others, adversely affected his good name and reputation, constituted defamation, created a great level of stress that affected his state of mind and health which forced him to seek medical treatment.

## V.   FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION UNDER THE ADA

42. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

43. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) and/or the Defendants perceived him to have a disability or regarded him as disabled. He was able and perform the essential functions and duties of his employment position at CVS with or without reasonable accommodation.

44. The Corporate Defendants are an "employer" within the meaning of 42 U.S.C. § 12111(5) in that they engaged in an industry affecting commerce and have more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years.  Thus, they are also a covered entity within the meaning of 42 U.S.C. § 12111(5).

45. Plaintiff was an employee of the Company within the meaning of 42 U.S.C. § 12111(4).

46. Plaintiff was disabled and/or was regarded as being disabled and/or had a record of impairment because of his mental health and emotional condition which warranted psychological and psychiatric treatment.

47. Prior to and at the time of Plaintiff's constructive discharge, he was qualified for employment as Operations Director.

48. Due to Plaintiff's actual or perceived disability, the Company terminated his employment by forcing him to resign.  42 U.S.C. § 12112(a).

49. The actions of the Defendants in discriminating against Plaintiff on the basis of his actual and/or perceived disabilities and/or record of impairment, and failing to provide reasonable accommodation for his disability, constituted violations of the ADA.

50. Moreover, the Company's discriminatory actions included, but were not limited to: limiting, segregating, or classifying the Plaintiff in a way that adversely affected his status because of his actual or perceived disability within the meaning of § 12112(b)(1); and utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A).

51. The Company's violation of the ADA was willful, intentional, deliberate, purposeful, and malicious.  Thus, Plaintiff seeks liquidated, compensatory and punitive damages for each violation.

52. As the direct and proximate result of the Company's violation of Plaintiff's rights and as a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, he has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain

13

and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable. Plaintiff continues to suffer these damages and injuries to this date and it is anticipated that he will continue to suffer these damages in the future.

53. The Company's conduct and employment actions and practices are unlawful in violation of the ADA.

54. As a result of the violation of Plaintiff's rights under the above-mentioned statute and as a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, the Corporate Defendants are liable for all damages and injuries caused to the Plaintiff because of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by the ADA including, but not limited to, actual damages, compensatory damages, punitive damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## VI.   SECOND CAUSE OF ACTION
## UNLAWFUL RETALIATION UNDER THE ADA

55. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

56. Defendants committed unlawful employment practices when they retaliated against the Plaintiff because of his efforts to oppose disability discrimination prohibited by the ADA. 42 U.S.C. §12203(a).

57. Plaintiff's complaints and opposition to Defendants' discrimination was protected from retaliation by the ADA. However, the Defendants disregarded the specific provisions of the ADA, continued putting undue pressure on the Plaintiff and even increased the same in a retaliatory manner, and persisted in implementing the above-mentioned discriminatory practices until they wrongfully discharged him from his employment.

58. Defendants' violation of the ADA was willful, intentional, deliberate, purposeful, and malicious. Thus, the Plaintiff seeks liquidated, compensatory and punitive damages for each violation.

59. As the direct and proximate result of Defendants' violation of his civil rights and as a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable. Plaintiff continues to suffer these damages and injuries to this date and it is anticipated that he will continue to suffer these damages in the future.

60. Defendant's conduct and employment actions and practices are unlawful in violation of the ADA.

61. As a result of the violation of Plaintiff's rights under the above-mentioned statutes and as a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, the Defendants are liable for all damages and injuries caused to the Plaintiff because of their illegal actions and omissions.  Plaintiff is entitled to the rights and remedies provided by the ADA including, but not limited to, actual damages, compensatory damages, punitive damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## VII.   THIRD CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION, HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT

62. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

63. The Defendants subjected Plaintiff to a hostile working environment and discrimination based on his sexual orientation, as detailed above.

64. The hostile work environment was severe and pervasive based on the nature of the harassment, including egregious statements and derogatory comments made by other employees expressing animus towards Plaintiff's sexual orientation.

16

65. Defendants conspired to deny Plaintiff of his employment rights, as guaranteed by Title VII, by creating a hostile work environment, treating him disparately and discriminating against him in his employment on the basis of his sexual orientation. Plaintiff was subjected to said employment conditions based on his sexual orientation and was subjected to said conditions when those in non-protected categories were treated differently and favorably in their employment.

66. Defendants discriminated against the Plaintiff with regards to the terms and conditions of his employment and by constructively terminating his employment.

67. In doing so, Defendants acted maliciously and with reckless indifference to Plaintiff's right to be free from discrimination.

68. As the direct and proximate result of Defendants' violation of his civil rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.  Plaintiff continues to suffer these damages and injuries to this date and it is anticipated that he will continue to suffer these damages in the future.

69. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions.  Plaintiff is entitled to the rights and remedies provided by Title VII including, but not limited to, actual damages, compensatory

damages, punitive damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## VIII.   FOURTH CAUSE OF ACTION
## UNLAWFUL RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

70. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

71. Defendants committed unlawful employment practices when they retaliated against the Plaintiff as a result of his efforts to oppose practices prohibited by Title VII. 42 U.S.C. § 2000e-3(a).

72. Plaintiff was a victim of retaliation after having engaged in protected activity under Title VII, and suffered worsening working conditions after complaining of discrimination and was subjected to hostile, aggressive, offensive, and illegal conduct by the Defendants.

73. As the direct and proximate result of Defendants' violation of his civil rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.   Plaintiff

continues to suffer these damages and injuries to this date, and it is anticipated that he will continue to suffer these damages in the future.

74. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by Title VII including, but not limited to, actual damages, compensatory damages, punitive damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## IX.   FIFTH CAUSE OF ACTION
## WRONGFUL DISCHARGE UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT

75. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

76. Defendants' conduct that forced the Plaintiff to resign constitutes a constructive discharge under Title VII. 42 U.S.C. § 2000e-3(a).

77. Plaintiff's working conditions were so difficult and unpleasant that a reasonable person in his shoes would have also felt compelled to resign rather than to submit to looming indignities.

78. As the direct and proximate result of Defendants' violation of his civil rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment

opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable. Plaintiff continues to suffer these damages and injuries to this date, and it is anticipated that he will continue to suffer these damages in the future.

79. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by Title VII including, but not limited to, actual damages, compensatory damages, punitive damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## X.    SIXTH CAUSE OF ACTION
## WRONGFUL DISCLOSURE OF CONFIDENTIAL MEDICAL INFORMATION UNDER THE ADA AND FMLA

80. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

81. Employers must maintain the medical information and, in some cases, medical histories contained in medical certifications, recertification, and other paperwork created for purposes of the FMLA as confidential medical records. 29 C.F.R. § 825.500(g). In doing so, they must keep such information in separate files/records from the usual personnel files. *Id.*

20

82. Under the ADA, employers must maintain medical information and records in conformance with ADA confidentiality requirements. 42 U.S.C.S. § 12112(d)(3)(B); 29 C.F.R. § 1630.14. Title I of the ADA provides that employers must maintain information regarding the medical condition or history of an applicant or employee on separate forms, they must keep the information in separate medical files, and they must treat the information as a "confidential medical record." 29 C.F.R. § 1630.14(b)(1), (c)(1), (d)(4)(i).

83. Mr. Cruz improperly and wrongfully disclosed Plaintiff's medical and health information to other employees.

84. As the direct and proximate result of Defendants' violation of his civil rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable. Plaintiff continues to suffer these damages and injuries to this date, and it is anticipated that he will continue to suffer these damages in the future.

85. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by both the ADA and the FMLA including, but not limited to, actual

damages, compensatory damages, punitive damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked.

## XI.   SEVENTH CAUSE OF ACTION
## INTERFERENCE WITH FMLA RIGHTS

86. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

87. Defendants interfered with Plaintiff's rights under the FMLA by subjecting him to harassment and to a hostile work environment whenever he requested and took time off to attend medical appointments, medical-related matters, or his medical conditions.

88. Defendants' violations of the FMLA, as described in this Complaint, were willful and intentional.  Defendants did not make a good-faith effort to comply with the FMLA with respect to the Plaintiff.

89. Plaintiff is entitled to damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, liquidated damages, and reasonable attorneys' fees and costs of this action.

## XII.   EIGHTH CAUSE OF ACTION
## DISCRIMINATION UNDER PUERTO RICO LAW 44

90. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

22

91. Plaintiff was discriminated against by the Defendants on the basis of his disability or perceived disability. Therefore, the Defendants are liable for Plaintiff's damages as a result of their violation of the statutory provisions contained in Puerto Rico Law 44.

92. Plaintiff is a qualified individual within the meaning of P.R. Laws Ann. tit. 1, § 501(e) and/or the Defendants perceived him to have a disability or regarded him as disabled. He was able and perform the essential functions and duties of his employment position at CVS with or without reasonable accommodation.

93. The Defendants are an "employer" within the meaning of P.R. Laws Ann. tit. 1, § 501(h) in that they engaged in an industry affecting commerce and have more than 15 employees.

94. Plaintiff was disabled and/or was regarded as being disabled and/or had a record of impairment because of his mental health and emotional condition which warranted psychological and psychiatric treatment.

95. As the direct and proximate result of Defendants' unlawful, willful and intentional violation of Plaintiff's statutory rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable. Plaintiff continues to suffer these damages and injuries to this date and it is anticipated that he will continue to suffer these damages in the future.

96. Defendant's conduct and employment actions and practices are unlawful in violation of Puerto Rico Law 44.

97. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages and injuries caused to the Plaintiff because of their illegal actions and omissions.  Plaintiff is entitled to the rights and remedies provided by Puerto Rico Law 44 including, but not limited to, compensatory damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## XIII.  NINTH CAUSE OF ACTION
## DISCRIMINATION UNDER PUERTO RICO LAW 100

98. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

99. The subjection of Plaintiff to disparate treatment, to a disparate impact in the application of policies, and to adverse employment actions by CVS on the basis of Plaintiff's sexual orientation also constitutes a violation of Puerto Rico Law 100. Therefore, Defendants are liable for Plaintiff's damages as a result of their violation of the statutory provisions contained in Puerto Rico Law 100.

100. As the direct and proximate result of Defendants' unlawful, willful and intentional violation of Plaintiff's statutory rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment

and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.  Plaintiff continues to suffer these damages and injuries to this date and it is anticipated that he will continue to suffer these damages in the future.

101. Defendant's conduct and employment actions and practices are unlawful in violation of Puerto Rico Law 100.

102. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages and injuries caused to the Plaintiff because of their illegal actions and omissions.  Plaintiff is entitled to the rights and remedies provided by Puerto Rico Law 100 including, but not limited to, compensatory damages, double damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

### XIV.  TENTH CAUSE OF ACTION
### UNLAWFUL RETALIATION UNDER PUERTO RICO LAW 115

103. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

104. Defendants committed unlawful employment practices when they retaliated against the Plaintiff as a result of his efforts to oppose sexual orientation and disability discrimination prohibited by Puerto Rico Law 115.

105. As the direct and proximate result of Defendants' unlawful, willful and intentional violation of Plaintiff's statutory rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable. Plaintiff continues to suffer these damages and injuries to this date and it is anticipated that he will continue to suffer these damages in the future.

106. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to the rights and remedies provided by Puerto Rico Law 115 including, but not limited to, actual damages, emotional damages, physical damages, lost wages and benefits, restitution, double damages, attorneys' fees, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## XV.   ELEVENTH CAUSE OF ACTION
## WRONGFUL DISCHARGE UNDER PUERTO RICO LAW 80

107. Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

**108.** Defendants' conduct that forced the Plaintiff to resign constitutes a constructive discharge under the provisions of Article 5 of Puerto Rico Law 80, P.R. Laws Ann. tit. 29, § 185e.

**109.** Plaintiff's working conditions were so difficult and unpleasant that a reasonable person in his shoes would have also felt compelled to resign rather than to submit to looming indignities.

**110.** Therefore, the Plaintiff is entitled to the indemnity established in Law 80 for a wrongful employment termination or unjustified dismissal, including a constructive discharge.  The Plaintiff is also entitled to reinstatement on the job since he was a victim of retaliation.

### XVI.   TWELFTH CAUSE OF ACTION
### DAMAGES UNDER ARTICLES 1536 AND 1540 OF THE PUERTO RICO CIVIL CODE

**111.** Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

**112.** Defendants incurred in tortious and negligent conduct distinct from that covered by the specific labor laws invoked in this Complaint which caused the Plaintiff to suffer severe physical, mental and emotional damages, such as subjecting him to labor harassment or mobbing, and defamation

**113.** Defendants' negligent and illegal conduct constituted the proximate cause of Plaintiff's damages and injuries.

114. Defendants are jointly and vicariously liable for their acts and omissions, as well as for the acts of their employees or representatives, as they have caused Plaintiff's damages through their negligent and/or willful acts under Articles 1536 and 1540 of the Puerto Rico Civil Code.

115. As the direct and proximate result of Defendants' unlawful, willful and intentional violation of Plaintiff's statutory rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.  Plaintiff continues to suffer these damages and injuries to this date, and it is anticipated that he will continue to suffer these damages in the future.

116. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions as well as for the illegal actions and omissions of their employees.

117. Plaintiff is entitled to the rights and remedies provided by Articles 1536 and 1540 of the Puerto Rico Civil Code, and to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## XVII. THIRTEENTH CAUSE OF ACTION
### CONSTITUTIONAL RIGHTS' VIOLATION UNDER THE CONSTITUTION OF PUERTO RICO

**118.** Plaintiff repeats, reiterates and re-states each and every allegation previously made and contained in this Complaint, incorporating the same herein by reference, as if fully presented herein.

**119.** Defendants' conduct constitutes a violation of Plaintiff's constitutional right to protection against abusive attacks against his honor, his reputation, his dignity and his personal integrity on his job, as established by Sections 1, 8 and 16 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

**120.** As the direct and proximate result of Defendants' unlawful, willful and intentional violation of Plaintiff's statutory rights, Plaintiff has suffered, among others, severe mental anguish, emotional distress, anxiety, physical damages, loss of employment and future employment opportunities, loss of wages and benefits, pain, and suffering, loss of sleep, depression, loss of self-esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.  Plaintiff continues to suffer these damages and injuries to this date, and it is anticipated that he will continue to suffer these damages in the future.

**121.** As a result of the violation of Plaintiff's rights under the above-mentioned statutes, Plaintiff is entitled to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

## XVIII.   TRIAL BY JURY

**122.** Plaintiff demands a jury trial on all issues and claims triable by a jury.

## XIX.  __PRAYER FOR RELIEF__

WHEREFORE, the Plaintiff prays from this Honorable Court for the following relief:

**A.**   Declaratory judgment against the Defendants for the statutory violations indicated above;

**B.**   Actual and compensatory damages, economic, mental, physical, and emotional damages in an amount no less than $4,000,000;

**C.**   Compensation for lost benefits, back pay, and front pay;

**D.**   Double damages pursuant to the applicable statutory provisions and penalties;

**E.**   Punitive damages in an amount not less than $3,000,000 for the Defendants' willful and intentional statutory violations;

**F.**   The indemnity under Puerto Rico Law 80 for Plaintiff's wrongful and constructive discharge;

**G.**   Plaintiff's reinstatement in his employment under conditions that his rights are not violated;

**H.**   Imposition of pre-judgment and post-judgment legal interests;

**I.**   Litigation costs and reasonable attorneys' fees;

**J.**   Any other relief that this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 16th day of July, 2021.

WE HEREBY CERTIFY THAT the undersigned counsels electronically filed the present document with the Clerk of the Court using the CM/ECF System, which in turn will send notification of this filing to all attorneys of record.



P.O. Box 195343                                    Citibank Towers, Suite 500
San Juan, Puerto Rico                              252 Ponce de León Avenue
00919-5343                                         San Juan, Puerto Rico 00918

Tel. (787) 758-1400
Fax: (787) 758-1414
Cel. (787) 460-3456

www.laborcounsels.com
paula@laborcounsels.com
pico@laborcounsels.com

S/ CARLOS R. PAULA
Attorney for Plaintiff
USDCPR # 212009

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for Plaintiff
USDCPR # 228113