IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSSIAN MARRERO-VALENTIN,

   Plaintiff,

              v.               CIVIL NO. 21-1330 (PAD)

PUERTO RICO CVS PHARMACY,
LLC, et al.

   Defendant.

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff sued Puerto Rico CVS Pharmacy LLC, CVS PR Holding Company, LLC, a CVS employee ("CVS defendants"), unnamed insurance companies and natural persons for alleged statutory and constitutional violations (Docket No. 1). The CVS defendants assert the dispute must be submitted to arbitration (Docket No. 7), which plaintiff opposes (Docket No. 12). The parties replied and surreplied (Docket Nos 18 and 23).

In support of their motion to compel arbitration, the CVS defendants attached a statement under penalty of perjury signed by Robert G. Baily, who is employed by CVS Pharmacy, Inc. as Director of Talent Management, together with: (i) a copy of the Training Course with the Arbitration Agreement; (ii) the Acknowledgement of the Training Course; (iii) plaintiff's training transcript showing he took the course on October 7, 2014; (iv) the official record showing he completed and electronically signed the acknowledgment of the Training Course; and (v) evidence that plaintiff worked at the store on that date (Docket No. 7-1). Mr. Baily explained in the statement the process that must be followed by a CVS employee to access and take the training course and sign the corresponding acknowledgement of having taken the same (including the use of a unique

user ID, which is usually either his or her employee ID number or employee email address, and a private personal password created by the employee). Id. at ¶ 7.

In turn, plaintiff disputes that he entered into an arbitration agreement (Docket No. 12). In support, he submitted a statement under penalty of perjury asserting, in essence, that: (i) he was never informed that CVS was implementing an arbitration policy; (ii) he was never informed of the arbitration training course; (iii) he never electronically signed the acknowledgment of having completed that course; (iv) he was never informed of his right to opt out of arbitration; (v) he never read or signed an arbitration agreement during his employment at CVS nor prior to starting work during his recruitment process; and (vi) his supervisor at the time, may have taken the course and entered into the agreement on his behalf without his knowledge, consent, or authorization (Docket No. 12-1).

Plaintiff has put the making of an arbitration agreement in issue. Because the court cannot compel arbitration unless and until it determines that the parties entered into an arbitration agreement covering the underlying claims, Escobar-Noble v. Luxury Hotels Int'l of P.R., Inc., 680 F.3d 118, 121 (1st Cir. 2012) (internal citations and quotation marks omitted), before ruling on the CVS defendants' motion it will hold an evidentiary hearing. With this in mind, the parties shall file a joint motion not later than November 12, 2021, informing if they need an opportunity to conduct limited discovery prior to the hearing, and if so, identifying the specific discovery they intend to conduct and the time frame to carry it out.

<u>Marrero-Valentín</u> v. <u>Puerto Rico CVS Pharmacy, LLC, et al</u>
Civil No. 21-1330 (PAD)
Memorandum and Order
Page 3

**SO ORDERED.**

In San Juan, Puerto Rico, this 3d day of November, 2021.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge